OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and matter remanded to the court below for a new trial.
Landlord commenced the instant summary proceeding pursuant to section 713 (7) of the Real Property Actions and Proceedings Law on the ground that respondent was a licensee whose license was duly terminated. Respondent claimed that he had succession rights pursuant to New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d), as he was the stepson of the rent-controlled tenant and had resided with the tenant in the subject apartment as his primary residence for two years prior to the tenant’s death. As pertinent hereto, the regulation provides that a member of the tenant’s family (including expressly a stepson)
“shall not be evicted under this section where the tenant has permanently vacated the housing accommodation and such family member has resided with the tenant in the housing accommodation as a primary residen[t] for a period of no less than two [2] years, or where such person is a ‘senior citizen’ or a ‘disabled person,’ as defined in paragraph (3) of this subdivision, for a period of no less than [1] year, immediately prior to the permanent vacating of the housing accommodation by the tenant, or from the inception of the tenancy or commencement of the relationship, if for less than such periods” (NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [1]).
The court below, interpreting this regulation to mean that a one-year co-occupancy requirement applies if the deceased tenant of record was a “senior citizen” or “disabled person,” found *22 that respondent satisfied this requirement and dismissed the petition.
The proper interpretation of the regulation is that the one-year co-occupancy requirement applies where the person claiming succession rights is a “senior citizen” or “disabled person.” As respondent was neither a “senior citizen” nor a “disabled person,” the lower court, in. reaching its decision, erroneously applied a one-year co-occupancy requirement. Since a determination of the credibility of the witnesses was crucial in resolving the issues of this case, and since it cannot be determined what the lower court would have found if it had applied the two-year requirement, the better procedure under the circumstances is to remand the matter to the court below for a new trial.
Weston Patterson, J.E, Golia and Rios, JJ., concur.